

# NUMBER 13-13-00301-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT RAY MCMULLEN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 156th District Court
### of Live Oak County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Robert Ray McMullen appeals from a conviction for failure to register as a sex offender, a third-degree felony, for which the trial court assessed punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. CODE CRIM. PROC. ANN. § 62.102(b)(2) (West, Westlaw through 2013 3d C.S.).

Determining that the appeal in this cause is frivolous and without merit, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, McMullen's counsel filed a brief stating that, after a review of the record, he found no grounds for relief. *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, No. PD-0702-13, 2014 WL 2865901, at *3 (Tex. Crim. App. June 25, 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing why, under controlling authority, any appeal from the judgment would be without merit and frivolous. After examining the record, counsel specifically concluded: (1) no harmful or jurisdictional error is apparent; (2) no procedural error is apparent; (3) the indictment complies with the law; (4) there is legally sufficient evidence to support the judgment; (5) there is no abuse of discretion by the trial court; (6) the judgment has no errors; and (7) trial counsel provided effective assistance.

Counsel has also informed this Court, in writing, that he has: (1) notified McMullen that counsel has filed an *Anders* brief and a request to withdraw as counsel; (2) provided McMullen with copies of the pleadings; (3) informed McMullen of his right to file a pro se response,[1] to review the record preparatory to filing that response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided a copy of the record to McMullen. *See Anders*, 386 U.S. at 744; *Kelly*, 2014 WL 28658901, at *3 & n.22; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Counsel requested that "this Court . . . grant [McMullen] an extension of time for filing of a pro se [response] of sixty days from [March 28, 2014,] the date of the filing of this brief . . . ." We granted the motion and extended the time for McMullen to file his pro se response to May 27, 2014. *See Kelly*, 2014 WL 2865901, at *3–4. An adequate time has passed, and McMullen has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, and we have found nothing that would arguably support an appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 826–28

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] Although McMullen's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy. Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through 2013 3d C.S.); *Cooper v. State*, 45 S.W.3d 77,

3

(Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that this Court carried with the case on June 25, 2014. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to McMullen and to advise McMullen of his right to pursue a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

---

82 (Tex. Crim. App. 2001); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."); *see also Ex parte Miller*, 330 S.W.3d 610, 623 (Tex. Crim. App. 2009) ("To show that appellate counsel was constitutionally ineffective for failing to assert a particular point of error on appeal, an applicant must prove that (1) 'counsel's decision not to raise a particular point of error was objectively unreasonable,' and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal.") (internal citations omitted); *Ex parte Santana*, 227 S.W.3d 700, 704–05 (Tex. Crim. App. 2007).

[3] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary

S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of July, 2014.

---

review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* at R. 68.4.